[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the plaintiff for a reassessment the damages awarded by the defendant Commissioner for the taking of property located on the northerly side of Route 291 in the Town of Windsor. The Commissioner has assessed damages at $475,300 for the taking of 2.10 acres from a total tract of 15.23 acres; also taken was a small portion for a slope easement. The property contained buildings used by the plaintiff in its foundry and manufacturing business. The date of the taking is August 11, 1988.
The panel had the benefit of appraisal reports and testimony from four appraisers and two engineers. It also had the benefit of the excellent and thorough briefs submitted by both counsel.
Peter Marsele, an appraiser retained by the plaintiff, was of the opinion that a total damage of $846,600 was occasioned by the taking of the 2.108 acres. He felt that this event caused this damage to a company that was expanding and that the whole property, buildings included, had been impacted. This claim, however, was belied to some extent by the company's owner and president, who admitted to the defendant's appraiser that the taking would not impair the company's operations. Upon considering all the evidence, including the defendant's appraiser, Mr. Hanlon, it is concluded that there was no impact upon the buildings or the operation to the extent asserted by Mr. Marsele; further, that the plaintiff had not sustained its burden of proof in this respect.
As already indicated, Brian Hanlon, an appraiser, testified for the defendant. He evaluated on the basis of damage to the land only and stated that there was no impact upon the plaintiff's operation or upon the buildings. Mr. Hanlon went on to state that in his opinion the total damages, including a sum for a slope easement, came to $475,300. This sum also included a sum of $300 for temporary use. A third appraiser added to the damages the CT Page 826 sum of $7,200 for an overhead door.
Ultimately, a referee's determination of the value of property depends upon his considered judgment, taking into consideration the divergent opinions expressed by the witnesses and the claims of the parties. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 69. He may weigh the opinions of the appraisers, the claims of the parties and his own general knowledge of the elements affecting value, selecting the most appropriate method of valuation under the facts found by him. Pandolfe's Auto Parts v. Manchester, 181 Conn. 217, 220.
After a viewing of the property and after giving full consideration to all the evidence offered and our own knowledge of the elements constituting value, the following conclusions have been reached:
1. The value of the property as it existed at the time of the taking is the essential time. Therefore, it is at that time that we consider the market value, and not at some later date. Hence, we consider the zoning and variance questions and the expansion question as of the taking date. A prospective buyer at that time could not know of the 1989 variance. All the witnesses questioned about this point agreed that a variance would be granted. However, this was not absolutely certain and the possibility of an unfavorable result should be considered in finding the market value of the property. Alemany v. Commissioner of Transportation, 215 Conn. 437.
2. The defendant's appraiser, Mr. Hanlon, in determining the severance damage, considered only the impact of the taking upon the land. He did not consider the impact on the buildings because the president of the plaintiff, Mr. Butler, told him that the taking would not adversely affect his manufacturing facility. However, we feel that the severance did, to a limited degree, affect the property as a whole.
3. The amount of $7,200 for the overhead door is an allowable element of damage.
4. The taking of the 2.10 acres of the plaintiff's land cannot be claimed to limit the expansion of its property because, in fact, expansion of the premises had already reached the limit allowed by the zoning regulations.
5. The engineer called by the plaintiff testified that he would charge $800 per day for his testimony and $12,000 for the maps used in evidence.
The plaintiff claims this witness fee under General CT Page 827 Statute 48-26. It has already been ruled that such an award under that statute is not allowable. See Sorenson Transportation Company v. State, 3 Conn. App. 329, 333.
The plaintiff claims also the engineer's fee of $12,000. for the preparation of maps and plans introduced in evidence. This claim is made under General Statute 52-257 (b)(5) and Practice Book Sections 425 and 427. It is felt that we do not have sufficient evidence to assess this claim at this time. It would appear that if any such award were made, it would be made under General Statute 13a-77 when the costs are taxed. See also General Statute52-257, and Practice Book Sections 412, 425 and 427.
6. Based upon our viewing of the subject property and after giving full consideration to all the evidence, as well as our own knowledge of the elements constituting value, it is concluded that the entire property had, before the, taking, a fair market value of $5,245,000 and after the taking, $4,720,000, so for that taking, the plaintiff's damages amounted to $525,000.
Judgment may enter for the plaintiff in the sum of $525,000, less $475,300 already paid to the plaintiff, with interest at the rate of 10% on the difference of $49,700 from the date of taking to the date of payment, together with costs and an appraisal fee of $3,500.00
JOHN M. ALEXANDER SIMON S. COHEN HAROLD M. MISSAL, STATE TRIAL REFEREES